# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:14CR00014-002 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| JASON CHRISTOPHER JOHNSON, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Mary Kathleen Carnell, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The question in this supervised release revocation matter is the proper violation grade to be attributed under the U.S. Sentencing Guidelines Manual ("USSG") for the defendant's failure to appear when summonsed to an earlier hearing. I find that a Grade B violation is appropriate.[1]

## I.

The defendant, Jason Christopher Johnson, was sentenced by this court on April 8, 2015, after pleading guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count One); theft of personal property within the territorial jurisdiction of the United States, in violation of 18 U.S.C. § 661 (Count Two); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count

---

[1] My references herein to the USSG are all to the 2018 edition.

Four). Johnson and his accomplice had broken into the vacant car of a tourist in a National Park and stolen her purse with her credit cards and checkbook. The thieves later used the credit cards and passed forged checks at various retail stores in the area. Johnson was sentenced to a total term of 27 months imprisonment, which included a statutory mandatory minimum term of two years for the aggravated identity theft charge. The total sentence was below the sentencing guideline range as a variance to which the Government did not object. Statement of Reasons 3, ECF No. 112.

Johnson served his sentence and began a term of three years supervised release. He repeatedly violated the conditions of his supervision and was revoked twice and sentenced to additional prison terms. He was released from his latest revocation sentence on December 3, 2018, and began another term of three years of supervision. Unfortunately, he was shortly charged with violating his conditions of supervision by multiple instances of illegal drug use, and a summons was issued and served on him for his appearance at a third revocation hearing to be held on May 8, 2019. At the scheduled hearing time on that day, Johnson did not appear. The court minutes note that Johnson was "present on the property earlier but cannot be reached by counsel or probation for the hearing." Min. Entry, May 8, 2019, ECF No. 219. An arrest warrant was issued for the defendant for "Failure to Appear." Arrest Warrant, May 8, 2019, ECF No. 220.

Johnson was tracked down by the Marshals Service and arrested on May 20, 2019. The probation officer thereafter submitted an amended Supervised Release Violation Report, adding the additional violation of the mandatory condition that Johnson not commit another crime, based upon his failure to appear at the May 8 hearing. The probation officer scored the violation as a Grade B violation. Under USSG § 7B1.1(a)(2), a Grade B violation is defined as "conduct constituting any other federal, state, or local offenses punishable by a term of imprisonment exceeding one year." The probation officer reasoned that failure to appear constituted a federal offense punishable by more than one year's imprisonment under the terms of the Bail Reform Act, 18 U.S.C. § 3146(b)(A)(iii), thus justifying a Grade B violation.[2]

## II.

The problem with the suggested rational for a Grade B violation is that "[A] defendant who has merely been served with a summons, but who has not yet appeared in court pursuant to that summons, has not been 'released under' [§ 3146]." *United States v. Wroblewski*, 816 F.3d 1021, 1024 (8th Cir. 2016). Thus,

---

[2] All of Johnson's other violations are properly scored as Grade C violations, since at most they constituted crimes punishable by less than one year's imprisonment. USSG § 7B1.1(a)(3). Where there is more than one violation of supervision, as here, the violation grade is determined by the violation having the most serious grade. USSG § 7B1.1(b). Johnson has admitted all of the violations, including his failure to appear.

Johnson did not violate the Bail Reform Act and could not be subject to the penalties of 18 U.S.C. § 3146 for his failure to appear. *Id.*

I find that the correct classification of Johnson's conduct in failing to appear in obedience to the summons is criminal contempt. An individual is in criminal contempt if he commits "Disobedience or resistance to [the court's] lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). The defendant must have "willfully . . . with a wrongful state of mind, violated a decree which was definite, clear, specific, and left no doubt or uncertainty in the minds of those to whom it was addressed." *Richmond Black Police Officers Ass'n v. City of Richmond*, 548 F.2d 123, 129 (4th Cir. 1977). Criminal intent is an essential element of the offense. *United States v. Marx*, 553 F.2d 874, 876 (4th Cir. 1977). A defendant must willfully violate a decree that is "clear and [leaves] no uncertainty in the minds of those that hear[] it." *United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015).

There is no question but that Johnson committed criminal contempt: He was served with a summons clearly ordering him to appear in court; came to the courthouse for that appearance; and then deciding that he did not want to obey the court's order, fled.

The crime of criminal contempt has no statutory maximum and can be treated as either a felony or as misdemeanor. *Cheff v. Schnackenberg*, 384 U.S.

373, 380 (1966) (defining the crime of contempt as an offense sui generis, neither a felony nor a misdemeanor). The length of a sentence for contempt thus rests in the sound discretion of the court. *United States v. Kissi*, 543 F. App'x 293, 296 (4th Cir. 2013) (unpublished) (upholding treating supervised release violation based on contempt as a felony rather than misdemeanor in determining violation grade). While criminal contempt could be treated as a Grade A violation under USSG § 7B1.1(a)(1) (conduct constituting, among other things, an offense punishable by a term of imprisonment exceeding 20 years), I find that the severity of the violation grade must take into account the facts of the contempt, in light of the wide diversity of conduct covered by that crime. *See United States v. Broussard*, 611 F.3d 1069, 1072 (9th Cir. 2010) (holding that the severity of the classification of contempt under 18 U.S.C. § 3559(a) must turn on the most analogous underlying offense).

III.

By his willfully failing to appear at the hearing, I find that the most analogous offense to criminal contempt for Johnson's conduct is that relied upon by the probation officer, 18 U.S.C. § 3146(b)(A)(iii). Under the sentencing guidelines, this makes Johnson's contempt a Grade B violation. USSG § 7B1.1(a)(2). Johnson's criminal history category is VI; by committing a Grade B

violation, his Chapter Seven guideline range is 21 to 27 months imprisonment. USSG § 7B1.4.

It is so **ORDERED**.

ENTER: July 23, 2019

/s/  James P. Jones
United States District Judge